IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO MORENO | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:18-cv-0427 DAE |
| | § | |
| THE CITY OF UVALDE, TEXAS, AND | § | |
| JOHN MEYER, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANT LIEUTENANT JOHN MEYER'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID A. EZRA:

**NOW COMES LT. JOHN MEYER**, Individually, Defendant in the above entitled and numbered cause and files this his Original Answer to Plaintiff's Original Complaint (Dkt. 1) heretofore filed and in support thereof would respectfully show unto the Court the following:

### I.
### FIRST DEFENSE

Plaintiff's Original Complaint fails to state a cause action against this Defendant upon which relief may be granted.

### II.
### SECOND DEFENSE

Defendant **LT. MEYER** admits that this action purports to arise from alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983 as alleged in Plaintiff's Complaint; however, Defendant denies that any cause of action exists there under.

### III.
### THIRD DEFENSE

Defendant **LT. MEYER** denies "Factual and Legal Summary" Paragraphs 1 and 2 of Plaintiff's Complaint. **LT. MEYER** would show unto the Court that on the date of the incident in question, May 11, 2016, he was dispatched along with numerous officers of the Uvalde Police Department to a hostage situation involving Plaintiff **ANTONIO MORENO** and his family. Plaintiff **ANTONIO MORENO** had threatened suicide and "Suicide by Cop" inside the residence and his mother had called 9-1-1.

During the course of events, Plaintiff **MORENO** exited his residence and engaged in conversation with Chief Herrera of the Uvalde Police Department and other officers on scene. Chief Herrera gave the order to take Moreno to the ground. Defendant **LT. MEYER** along with Lt. Rodriguez and Officer Hernandez, struggled with Plaintiff **MORENO** to gain control of the subject and handcuff him. Defendant **LT. MEYER** would show unto the Court that Plaintiff **MORENO** was a violent combatant who exhibited mental issues, as well as being possibly impaired either by alcohol or drugs. Defendant **LT. MEYER** would show unto the Court that only the reasonable about of necessary force was used to lawfully gain control of Plaintiff **MORENO.** Defendant **LT. MEYER** denies any intentional use of excessive force as alleged in Plaintiff's Complaint.

### IV.
### FOURTH DEFENSE

Defendant **LT. MEYER** denies Paragraph 8 through 11 of Plaintiff's Complaint. Defendant affirmatively asserts his defenses under the TEXAS CIVIL PRACTICE & REMEDIES CODE, Chapter 16, § 16.002 and § 16.003. Defendant further asserts his defenses under the TEXAS TORT CLAIMS ACT, Chapter 101, § 101.101, as a matter of law.

## V.
## FIFTH DEFENSE

Defendant **LT. MEYER** denies Paragraphs 12 and 14 of Plaintiff's Complaint. Defendant **LT. MEYER** admits Paragraph 15 that he was acting under color of state law in his capacity as Uvalde Police Officer at all times made the basis of Plaintiff's Complaint. Defendant denies Paragraph 16 through 31 of Plaintiff's Complaint wherein Plaintiff alleges he was subjected to excessive force in violation of the Fourth and Fourteenth Amendments. Defendant **LT. MEYER** denies that he intentionally or with deliberate indifference used excessive force as alleged in Plaintiff's Complaint.

Defendant **LT. MEYER** affirmatively asserts that at all times made the basis of Plaintiff's Complaint that he was acting in the course and scope of his duties as a City of Uvalde Police Officer, pursuant to his discretionary authority as a peace officer of the State of Texas and at all times acted in good faith and therefore, is entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

## VI.
## SIXTH DEFENSE

Defendant **LT. MEYER** denies Paragraphs 32 through 42 of Plaintiff's Complaint. Defendant **LT. MEYER** would show unto the Court that he has been a licensed peace officer with the Texas Commission on Law Enforcement (TCOLE) since November 15, 2000 and has continued in-service training as a peace officer in accordance with the Texas Commission on Law Enforcement (TCOLE) standards. **LT. MEYER** is certified as a master peace officer in the State of Texas. Defendant would show unto the Court that the City of Uvalde does not maintain policies, procedures, customs or practices exhibiting deliberate indifference or excessive force as alleged in Plaintiff's Complaint. Plaintiff fails to state a *Monell* cause of action, as a matter of law.

## VII.
## SEVENTH DEFENSE

Defendant **LT. MEYER** denies Paragraphs 43 through 48 of Plaintiff's Complaint. Defendant **LT. MEYER** would show unto the Court that he was trained in accordance with the Texas Commission on Law Enforcement (TCOLE) and has maintained certification as a peace officer in the state of Texas throughout his tenure. Defendant denies Plaintiff's allegations that the City of Uvalde has tolerated an atmosphere of lawlessness as alleged in Plaintiff's Complaint. Defendant **LT. MEYER** is unaware of the identity of Defendant Whitman, alleged in Paragraph 45. However, Defendant asserts that the City of Uvalde and Lt. Meyer did not act with deliberate indifference, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendant **LT. MEYER** asserts unto the Court that his actions as a law enforcement officer were justified pursuant to the TEXAS PENAL CODE, Chapter 9, § 9.51, as a matter of law.

Defendant **LT. MEYER** asserts his defenses under the TEXAS TORT CLAIMS ACT, Chapter 101, § 101.023, § 101.024, and § 101.0106, as a matter of law.

Defendant further asserts his defenses under the TEXAS CIVIL PRACTICE & REMEDIES CODE, Chapter 41, § 41,0105 and Chapter 108, § 18.002, as a matter of law.

## IX.
## NINTH DEFENSE

Defendant **LT. MEYER** denies "Cause of Action for Battery" Paragraph 49 of Plaintiff's Complaint. Defendant **LT. MEYER** asserts his defenses under the TEXAS TORT CLAIMS ACT, Chapter 101, § 101.106(e) and (f), as a matter of law.

## X.
## TENTH DEFENSE

Defendant **LT. MEYER** asserts that at all times made the basis of Plaintiff's Complaint that he was acting pursuant to his authority as a Lieutenant for the City of Uvalde Police Department, within his discretionary capacity and at all times acted in good faith in bringing a hostage/suicide situation under control and subduing the subject Plaintiff **MORENO**. Defendant **LT. MEYER** is entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendant **LT. MEYER** denies Paragraphs 50 and 52 of Plaintiff's Complaint. Defendant **LT. MEYER** denies that Plaintiff is entitled to compensatory or punitive damages, as alleged. Defendant further denies that Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §1988, as a matter of law. Defendant further asserts that Plaintiff has failed to state a cause of action under 42 U.S.C. §1981, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendant **LT. MEYER** herein denies any allegations of Plaintiff's Complaint not specifically admitted herein and demands strict proof thereof as is required by law.

Defendant **LT. MEYER** herein demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **LT. JOHN MEYER** prays that Plaintiff's suit be dismissed against him, or in the alternative, that the Plaintiff take nothing by his lawsuit against him, that Defendant have Judgment herein, that the Defendant be awarded his costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csfrigeriolaw@sbcglobal.net
       Frigeriolaw1995@sbcglobal.net


BY:   /s/ Charles S. Frigerio
      CHARLES S. FRIGERIO
      SBN:  07477500
      ATTORNEY-IN-CHARGE

      HECTOR X. SAENZ
      SBN:  17514850
ATTORNEYS FOR DEFENDANT
LT. JOHN MEYER


## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2018, I electronically filed the foregoing Defendant **LT. JOHN MEYER'S** Original Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Ricardo Ramos
The Ramos Law Firm
931 Webster Street
Eagle Pass, Texas 78852		Email: ramoslaw@hotmail.com


/s/ Charles S. Frigerio
CHARLES S. FRIGERIO