UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANTONIO MORENO,

    Plaintiff,

v.                                                             No. 18-CV-00427-JKP

JOHN MEYER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

    Defendant.

## MEMORANDUM OPINION and ORDER GRANTING
## JOHN MEYER'S MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Defendant John Meyer's ("Meyer") *Opposed Motion for Summary Judgment*. (ECF No. 34). Although Plaintiff did not respond, the Court evaluated the motion and applicable law. After careful consideration, Defendant's motion is GRANTED.

## I. BACKGROUND

On May 11, 2016, Officers from the City of Uvalde Police Department were dispatched to the Antonio Moreno residence for a subject who was threatening to commit suicide by cop. As officers arrived on the scene, dispatch alerted the officers that the family was attempting to leave but that Antonio Moreno ("Moreno") would not let them. The City of Uvalde Police Department secured a perimeter around the residence. Numerous City of Uvalde Police Officers were on the scene to establish the perimeter, including Meyer. Moreno came out of the house with his hands raised and an attempt was made for a peaceful surrender so that he could be taken to the hospital. When it became apparent to the police that a peaceful surrender was not likely, the Police Chief on the scene told Meyer and other officers to take Moreno into custody. A struggle ensued and Moreno was taken to the ground. The officers were then able to restrain Moreno with handcuffs.

Moreno's action is brought pursuant to 42 U.S.C. § 1983 and alleges a single excessive force claim against Meyer. Moreno alleges Meyer struck him in the testicles after Moreno was placed in custody. Meyer admits to struggling with Moreno, but asserts he did not intentionally kick Moreno in the testicles. Meyer asserts qualified immunity.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality, the substantive law will identify which facts are material" and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

When the movant asserts a qualified immunity defense, that assertion "alters the usual summary judgment burden of proof." *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). In the context of summary judgment, governmental employees need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden "to put

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

forth evidence to meet [their] summary judgment burden for a claim of immunity." *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000). Once a governmental employee "invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *accord McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The plaintiff "must rebut the defense" by establishing a genuine factual dispute as to whether the "allegedly wrongful conduct violated clearly established law." *Brown,* 623 F.3d at 253.

In determining whether to grant summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). However, courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## III. DISCUSSION

A qualified immunity inquiry includes two parts. "In the first we ask whether the officer's alleged conduct has violated a federal right; in the second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019), *as revised* (Aug. 21, 2019). To overcome a qualified immunity defense, Moreno "must show that the law was so clear, under circumstances reasonably analogous to those [the officers] confronted, that no reasonable officer would have used the amount of force they used." *Cooper v. Flaig*, 779 F. App'x 269, 271 (5th Cir. 2019) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004)).

In this case, Moreno alleges Meyer used excessive force when he kicked him in the testicles during a takedown that was effectuated to apprehend him. Specifically, Moreno alleges Meyer kicked him after he was "placed under custody." ECF No. 24 at 1. Chief Eric Herrera stated that during the arrest, he heard Moreno yelling about being kicked in his testicles. *See* ECF No. 34-3 at 10. Chief Herrera further stated, "Lt. Meyer stated that the subject had moved his leg and that caused him to accidentally step on his groin." *Id*. Lieutenant Daniel Rodriguez stated, "At one point [Moreno] attempted to pull upwards in an attempt to try to roll over or get up, but Officer Hernandez and I were holding him down. When Mr. Moreno did that, he began to yell 'someone kicked me in the nuts' in a manner that expressed he was in pain. I did not see who if anyone, kicked Mr. Moreno in the groin area, but I did feel his body tug forward." *Id*. at 4. Meyer admits to struggling with Moreno, but contends he did not intentionally kick Moreno in the testicles. ECF No. 34 at 3. Meyer asserts qualified immunity under "both prongs of the qualified immunity defense." *Id*. at 4.

To overcome an asserted qualified immunity defense, Moreno must point the Court to evidence that establishes a genuine dispute of material fact as to whether (1) Meyer "violated a federal constitutional or statutory right or (2) the violated right was clearly established at the time of the challenged conduct." *Escarcega v. Jordan*, 701 F. App'x 338, 341 (5th Cir. 2017) (citing *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998)).

In the absence of a response, the Court looks to Moreno's Second Amended Complaint and the evidence attached to Meyer's Motion for evidence that establishes a genuine dispute of material fact. ECF Nos. 24, 34. As to whether Meyer violated a federal constitutional or statutory right, Moreno alleges that Meyer violated his Fourth Amendment right against unreasonable seizures by using excessive force in arresting him. To prevail on an excessive-force claim, a

plaintiff must show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness ... was clearly unreasonable." *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)).

A claim of excessive force during an arrest is "analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). The reasonableness of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012) (quoting *Graham*, 490 U.S. at 396). Whether particular conduct constitutes excessive force is "necessarily fact-intensive" and "depends on the facts and circumstances of each particular case." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (alteration omitted) (citing *Ontiveros v. City of Rosenberg, Tex.,* 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Graham*, 490 U.S. at 396)). The Supreme Court has provided the following factors to consider in assessing whether a use of force is excessive: "[ (1) ] the severity of the crime at issue, [ (2) ] whether the suspect poses an immediate threat to the safety of the officers or others, and [ (3) ] whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Here, all three factors weigh against finding that Meyer's use of force was clearly excessive. First, Moreno threatened suicide by cop, held his family hostage, refused to go to the hospital, and announced he was going to give the officers a fight. ECF No. 34-4 at 3, 5. (Lt. Rodriguez Supp.; Sgt. Maldonado Supp.). Second, a reasonable officer present at the scene could have perceived Moreno as posing an immediate threat to the safety of officers and the public. It is undisputed that Moreno was in close proximity to his mother and a child when he prepared to fight the officers. ECF No. 34-3 at 11 (Meyer Memo.). Further, Chief Herrera directed the

5

officers to take Moreno into custody after Moreno challenged the officers to a fight. ECF No. 34-3 at 3-4 (Lt. Rodriguez Supp.; Officer Cantu Supp.). Moreno kicking off his sandals and taking a fighting stance combined with his erratic behavior and threat to commit suicide by cop could lead a reasonable officer to perceive Moreno as posing a serious threat. ECF No. 34-3 at 5 (Sgt. Maldonado Supp.). Fifth Circuit qualified immunity caselaw does not require officers to conduct a close examination of a suspect's demeanor before acting, but recognizes that officers are often forced to "make split-second judgments" in reaction to a "tense, uncertain, and rapidly evolving" scene. *Carroll v. Ellington*, 800 F.3d 154, 173–74 (5th Cir. 2015) (quoting *Graham*, 490 U.S. at 397). Third, Moreno actively resisted arrest. The officers attempted to persuade Moreno to go to the hospital, telling him they did not want to arrest him, only transport him to the hospital. ECF No. 34-3 at 3 (Lt. Rodriguez Supp.). Moreno first held his family in the house, then left the house, appearing to agree to go to the hospital, then refused and challenged the officers to a fight. ECF No. 34-3 at 5 (Sgt. Maldonado Supp.). Chief Herrera then gave the order to take Moreno into custody. ECF No. 34-3 at 7 (Officer Hernandez Supp.) It took several officers to get Moreno into handcuffs, taking him to the ground in the process. *Id*. ("Lt. J. Meyer, Lt. D. Rodriguez, Sgt. A. Maldonado and I took [Moreno] to the ground and I placed [Moreno] in hand restraints."). After the handcuffs were applied, it continued to take several officers to restrain Moreno as he continued to struggle, pull away, kick his legs, and try to roll over or "get up." ECF No. 34-3 at 3-4, 7 (Lt. Rodriguez Supp.; Officer Hernandez Supp.)

While Moreno alleges he was kicked *after* he was in custody, the Court finds no facts that establish a genuine dispute as to whether the kick was intentional or unreasonable under the circumstances. Meyer asserts he did not kick Moreno on purpose. *See* ECF No. 34 at 3. Chief Herrera stated, "Lt. Meyer stated that the subject had moved his leg and that caused him to

6

accidentally step on his groin." ECF No. 34-3 at 10 (Chief Herrera Supp.). Moreno alleges no facts nor does he point to any evidence to counter these statements. "[T]here is no Fourth Amendment violation in the absence of intentional conduct." *Gorman v. Sharp*, 892 F.3d 172, 173 (5th Cir. 2018); *see also Watson v. Bryant*, 532 F. App'x 453, 458 (5th Cir. 2013) (an officer may still violate the Fourth Amendment if he acted objectively unreasonably in effectuating the arrest). Further, the evidence shows that Moreno was resisting arrest at all times when force was used, and in the Fifth Circuit using force, such as punches or kicks, to gain control of a non-complaint suspect is not clearly excessive. *See, e.g.*, *Griggs v. Brewer*, 841 F.3d 308, 316 (5th Cir. 2016) (in which the court found where a handcuffed arrestee kicked a police officer in the chest, the officer's response—one punch to the arrestee's face—was the sort of "split-second judgment" in a difficult situation that qualified immunity is designed to protect); *see also Poole*, 691 F.3d at 629 (under Fifth Circuit precedent, an officer may respond to a resisting suspect with "measured and ascending" tactics that correspond to the resistance encountered).

Moreno argues only that "being struck violently in the testicles" while in custody "violates an established right." ECF No. 24 at 7. This argument, without more, is insufficient to establish a genuine dispute of a material fact. In sum, Moreno has failed to show a genuine dispute of material fact whether Meyer used excessive force in arresting him. As a result, he has failed to show any violation of his Fourth Amendment right, which is a required element to overcome a qualified immunity defense. Finally, Moreno cannot point to any factually analogous case that would establish that Meyer's use of force was unreasonable. *See, e.g., Escarcega*, 701 Fed. Appx. at 341 (where officers knew arrestee had committed several dangerous offenses and it took several officers to restrain him, officers did not use excessive force by kicking and punching arrestee while effectuating his arrest).

## IV. CONCLUSION

For the foregoing reasons, Defendant John Meyer's Opposed Motion for Summary Judgment (ECF No. 34) is GRANTED. Plaintiff Antonio Moreno takes nothing as to his claims against John Meyer. The Clerk SHALL CLOSE the case following entry of the Final Judgment. Defendant may file a bill of costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 3rd day of January 2020.

*[Signature: Jason Pulliam]*

JASON PULLIAM
UNITED STATES DISTRICT JUDGE